```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

UNITED RENTALS, INC.,            :
                                 :
     Plaintiff,                  :
                                 :
V.                               :    CIVIL NO. 3:05-CV-0596 (RNC)
                                 :
JEFFREY S. BASTANZI,             :
                                 :
     Defendant.                  :
```

## RULING AND ORDER

After review and over defendant's objection, the Magistrate Judge's recommended ruling that the plaintiff's motion for a preliminary injunction be granted (Doc. #50) is hereby approved and adopted, with one exception discussed below, for substantially the reasons stated in the plaintiff's reply to the defendant's objection.

Defendant contests the Magistrate Judge's recommendation that security be waived. Federal Rule of Civil Procedure 65(c) provides that no preliminary injunction

> shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined. . . .

A bond is not required when the injunction is unlikely to cause harm. Doctor's Assocs., Inc. v. Distajo, 107 F.3d 126, 136 (2d Cir. 1997). Otherwise, the requirement is mandatory. See generally 11A Charles Alan Wright, Arthur Miller & Mary Kay Kane, Federal Practice and Procedure § 2954 (2d ed. 1995).

Defendant plausibly contends that the injunction will have a serious negative impact on the business of B&S Industrial and Contractor Supplies, LLC, which he says is his only source of income. Plaintiff does not deny that the injunction is likely to have this effect. It contends, rather, that it is a "financially sound organization and is fully capable of paying any damages in the event that it is later determined that Defendant has been wrongfully enjoined. . . ." Pl.'s Mot. Waiver of Security or Bond at 1. Plaintiff cites no Second Circuit case approving a waiver of security when the movant has sufficient financial resources to pay damages, and none has been found. In the absence of such authority, the court is obliged to comply with Rule 65(c)'s requirement that security be posted in an adequate amount.

The amount of security that should be posted is best determined after further input from the parties. Accordingly, the case is hereby referred to the Magistrate Judge for such a determination. The preliminary injunction will become effective when the plaintiff posts security in the amount set by the Magistrate Judge. See Corning Inc. v. Picvue Electronics, Ltd., 365 F.3d 156, 158 (2d Cir. 2004).

So ordered.

Dated at Hartford, Connecticut this 8th day of February 2006.

\s\
Robert N. Chatigny, U.S.D.J.

United States District Judge